WHGC, P.L.C.
Jeffrey C.P. Wang, SBN 144414
JeffreyWang@WHGCLaw.com
Michael G. York, SBN 89945
MichaelYork@WHGCLaw.com
1301 Dove Street, Suite 1050
Newport Beach, California 92660-2416
Telephone: (949) 833-8483
Facsimile: (866) 881-5007

Attorneys for Plaintiff HUO YOU LIANG

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | CASE NO. 2:12-bk-18900-BR |
| KUO FENG KO and XIA KO, | Chapter 7 |
| Debtors. | Adv. No. _____ |
| HUO YOU LIANG, as successor-in-interest to John J. Menchaca, Chapter 7 Trustee of the bankruptcy estate of Kuo Feng Ko and Xia Ko, | COMPLAINT TO AVOID FRAUDULENT TRANSFERS, TO RECOVER PROPERTY, AND FOR DAMAGES |
| Plaintiff, | |
| v. | |
| KUO FENG KO, XIA KO, XU YANG KO, and DAVID DiJULIO, | |
| Defendants. | |

Plaintiff HUO YOU LIANG alleges as follows:

### JURISDICTION

1. This adversary proceeding relates to In re Ko, Case No. 2:12-bk-18900-BR, a Chapter 7 proceeding pending in this court. This Court has subject matter jurisdiction over the First Claim for Relief pursuant to 28 U.S.C. §§ 1331 and 1334, and subject matter jurisdiction over the Second Claim for Relief pursuant to 28 U.S.C. § 1337.

/ / /

1

PARTIES

2. Defendants KUO FENG KO and XIA KO are, and at all times material to this proceeding were, the debtors in the Chapter 7 bankruptcy proceedings discussed below.

3. Defendant XU YANG KO is, and at all times material to this proceeding was, the son of Defendants KUO FENG KO and XIA KO.

4. DAVID DiJULIO is, and at all times material to this proceeding was, a California attorney.

FACTUAL ALLEGATIONS

5. As of on or about June 29, 2011, Defendant KUO FENG KO (father) was the owner of a judgment in his favor in an action entitled *Ko v. Liang*, L.A.S.C. Case No. BC341708 ("Judgment"). The Judgment not only had value, it had substantial value: (a) the Judgment awarded damages in the amount of $210,417.00, attorney's fees in the amount of $66,295.83, and costs in the amount of $36,081.00, and (b) the Judgment was for specific performance of a contract for the sale and purchase of real property, which entitled Defendant KUO FENG KO to purchase the property for substantially less than its fair market value.

6. As of on or about June 29, 2011, Defendant KUO FENG KO (father) was the owner of funds in the amount of $31,070.00 that he deposited into escrow for the purchase of the property.

7. On or about June 29, 2011, Defendant KUO FENG KO (father) assigned the Judgment to Defendant XU YANG KO (son). It is undisputed that there was no consideration for the assignment of the Judgment.

8. On or about June 29, 2011, Defendant KUO FENG KO (father) also assigned the escrow for the purchase of the property to Defendant XU YANG KO (son). The assignment of the escrow included an assignment of the funds in the amount of $31,070.00 that had been deposited. It is undisputed that there was no consideration for the assignment of the escrow or the funds.

9. At the time Defendant KUO FENG KO (father) transferred the judgment and the funds in the amount of $32,700.00 that he deposited into escrow, he was insolvent.

10. On or about November 15, 2011, Defendant KUO FENG KO (father) filed a Chapter 7 bankruptcy proceeding, Case No. 2:11-bk-57208-BR. In his bankruptcy papers, Defendant falsely

stated under penalty of perjury the following, among other things:

a) Defendant had not transferred any property within the preceding two years, when in truth and in fact, on or about June 29, 2011, Defendant had assigned the Judgment and the escrow for the purchase of the property, which included an assignment of the funds in the amount of $31,070.00 that had been deposited, to Defendant XU YANG KO (son).

b) Defendant was a party to only two lawsuits within the preceding one year, when in truth and in fact, Defendant KUO FENG KO was also a party to at least two other lawsuits, including the lawsuit described in paragraph 5 in which he obtained the Judgment, i.e., *Ko v. Liang*, L.A.S.C. Case No. BC341708.

c) Defendant had listed all of his creditors and all of their debts, when in truth and in fact, Defendant did not list Plaintiff, who was and is a creditor, did not list at least one other person who was and is a creditor, and did not list the debts to Plaintiff or the other creditor.

11. On about February 22, 2012, the bankruptcy proceeding was closed without a discharge.

12. In the meantime, on or about February 21, 2012, Defendant KUO FENG KO (father) transferred $136,000.00 to Defendant XU YANG KO (son). It is undisputed that there was no consideration for the transfer of the funds.

13. At the time Defendant KUO FENG KO (father) transferred the $136,000.00, he was insolvent.

14. On or about March 13, 2012, Defendants KUO FENG KO (father) and XIA KO (wife) filed a second Chapter 7 bankruptcy proceeding, Case No. 2:12-bk-18900-BR. In their bankruptcy papers, Defendants again falsely stated under penalty of perjury the following, among other things:

a) Defendants had not transferred any property within the preceding two years, when in truth and in fact, on or about June 29, 2011, Defendant KUO FENG KO (father) had assigned the Judgment and the escrow for the purchase of the property, which included an assignment of the funds in the amount of $31,070.00 that had been deposited, to Defendant XU YANG KO (son).

b) Defendants were parties to only two lawsuits within the preceding one year, when in truth and in fact, Defendant KUO FENG KO was also a party to at least one other lawsuit, the lawsuit described in paragraph 5 in which he obtained the Judgment, i.e., *Ko v. Liang*, L.A.S.C. Case No.

BC341708.

c) Defendants had listed all of their creditors and all of their debts, when in truth and in fact, Defendants did not list Plaintiff, who was and is a creditor, did not list at least one other person who was and is a creditor, and did not list the debts to Plaintiff or the other creditor.

15. Defendants also falsely stated under penalty of perjury that Defendants had not transferred any property within the preceding two years, when in truth and in fact, on or about February 21, 2012, Defendant KUO FENG KO (father) transferred $136,000.00 to Defendant XU YANG KO (son).

16. As a result of Defendants' false statements under penalty of perjury in their bankruptcy papers, their second Chapter 7 bankruptcy proceeding was deemed to be a "no asset case," and Defendants were discharged.

17. On or about May 15, 2018, the second Chapter 7 bankruptcy proceeding was reopened.

18. Defendant DAVID DiJULIO has had actual knowledge since at least 2014 that Defendant KUO FENG KO (father) fraudulently transferred at least the Judgment and the escrow to Defendant XU YANG KO (son), but not notwithstanding that actual knowledge, has represented Defendant XU YANG KO (son) in connection with the enforcement of the Judgment, and claims a lien on the Judgment for services rendered.

19. On or about December 10, 2019, Plaintiff purchased all of the claims and rights of John J. Menchaca, the Chapter 7 Trustee of the bankruptcy estate of Defendants KUO FENG KO and XIA KO, to avoid the foregoing transfers and recover the foregoing property, and is now the lawful holder of the claims and rights.

FIRST CLAIM FOR RELIEF

(Avoid Transfers and Recover Property, 11 U.S.C. §§ 548, 550)

20. Plaintiff refers to paragraphs 1 through 19, inclusive, and incorporates them by this reference as if fully set forth herein.

21. The foregoing transfers were fraudulent in that, among other things, Defendants KUO FENG KO and XIA KO received less than a reasonably equivalent value in exchange for the transfers, and Defendants were insolvent on the date the transfers were made or became insolvent as

1 | result of the transfers.

2 |     22. Plaintiff, as successor-in-interest to Chapter 7 Trustee, John J. Menchaca, is entitled to avoid the transfers pursuant to 11 U.S.C. § 547, free and clear of any liens.

    23. Plaintiff, as successor-in-interest to Chapter 7 Trustee, John J. Menchaca, is also entitled to recover the property transferred or the value of the property transferred from Defendant XU YANG KO pursuant to 11 U.S.C. § 550, free and clear of any liens.

## SECOND CLAIM FOR RELIEF

(Avoid Transfers and Recover Damages, Cal. Civil Code § 3439, *et seq.*)

    24. Plaintiff refers to paragraphs 1 through 19, inclusive, and incorporates them by this reference as if fully set forth herein.

    25. The foregoing transfers were fraudulent in that, among other things, the transfers were made to with the intent to hinder, delay, or defraud Defendants KUO FENG KO's and XIA KO's creditors, including Plaintiff, and/or Defendants KUO FENG KO and XIA KO did not receive a reasonably equivalent value in exchange for the transfers, and Defendants KUO FENG KO and XIA KO were insolvent at the time or became insolvent as result of the transfers.

    26. Plaintiff, as successor-in-interest to Chapter 7 Trustee, John J. Menchaca, is entitled to avoid the transfers pursuant to California Civil Code § 3439.07, or recover damages equal to the value of the property transferred from Defendant XU YANG KO, free and clear of any liens.

    WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. On the First Claim for Relief:

    a) For avoidance of the transfers as requested;

    b) For recovery of the property transferred or the value of the property transferred, as requested;

2. On the Second Claim for Relief, to avoid the transfers or for damages equal to the value of the property transferred, as requested;

3. On both claims for relief, for such other and further relief as the Court may deem just and

///

proper.

DATED: July 6, 2020

WHGC, P.L.C.

By: _____
MICHAEL G. YORK
Attorneys for Plaintiff
HUO YOU LIANG

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Huo You Liang, as successor-in-interest to John J. Menchaca, Chapter 7 Trustee of the bankruptcy estate of Kuo Feng Ko and Xia Ko | **DEFENDANTS**<br>Kuo Feng Ko, Xia Ko, Xu Yang Ko, and David DiJulio |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>WHGC, P.L.C., 1301 Dove St., Suite 1050, Newport Beach, CA 92660  Tel: (949) 833-8483 | **ATTORNEYS** (If Known)<br>Salvato Law Offices, 777 South Figueroa St., Suite 2800, Los Angeles, CA 90017  Tel: (213) 484-8400 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoid transfers and recover property, 11 U.S.C. sects. 548, 550; avoid transfers and recover damages, Cal. Civil Code, sect. 3439, et seq.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge -§727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
Avoid transfers and recover property

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Kuo Feng Ko, Xia Ko | BANKRUPTCY CASE NO.<br>2:12-bk-18900-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Barry Russell |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>July 6, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Michael G. York | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.